IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MANAGEMENT GROUP, INC., and GRESHAM PARK APARTMENTS, LLC,

        Plaintiffs,

  v.

JAMES E. JACOBSON, JR.,

        Defendant.

No. 3:24-cv-00530-HZ

OPINION & ORDER

Anna S. McCormack
Warren Allen LLP
10535 NE Glisan St, Ste 200
Portland, OR 97220

    Attorney for Plaintiffs

James E. Jacobson, Jr.
805 NE Kane Dr., Apt. 109
Gresham, OR 97030

    *Pro se*

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant James E. Jacobson, Jr., removed this eviction matter to federal court and moves to proceed in forma pauperis ("IFP"). Because the Court lacks subject matter jurisdiction over this case, it remands the matter to the Multnomah County Circuit Court.

## BACKGROUND

On March 13, 2024, Plaintiffs filed a residential eviction complaint against Defendant in Multnomah County Circuit Court. Notice of Removal 7-8, ECF 1. Plaintiffs seek to evict Defendant based on nonpayment of rent in December 2023 and January 2024 (a total of $2,853 in unpaid rent) and nonpayment of utilities in November 2023 through January 2024 (a total of $222.96 in unpaid utilities). *Id.* at 9. Plaintiffs also seek a late fee of $150. *Id.*

On March 28, 2024, Defendant removed this case to federal court, alleging federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. *Id.* at 2. In his notice of removal, Defendant argued that the eviction case was filed in retaliation for a different civil case he filed against Plaintiffs in federal court.[1] *Id.* at 3. He also asserted that he had paid all of the rent the complaint alleged was unpaid. *Id.*

## STANDARDS

Subject to restrictions imposed by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction. *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022). Courts, therefore, "reject

---

[1] *Jacobson v. State of Oregon et al*, No. 3:23-cv-01551-HZ.

federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" *Martinez v. Am.'s Wholesale Lender*, 764 F. App'x 592, 592 (9th Cir. 2019) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)). Because of the strong presumption against removal jurisdiction, "[a] 'defendant seeking removal has the burden to establish that removal is proper.'" *Sharma*, 23 F.4th at 1169 (quoting *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020)). In other words, the removing defendant must show that the district court has subject matter jurisdiction over the case.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his or her claims. *Id.* In general, subject matter jurisdiction is based on either diversity of citizenship between the parties or a federal question. 28 U.S.C. §§ 1331, 1332.

District courts have jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and the plaintiffs and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1). There must be complete diversity of citizenship between the plaintiffs and the defendants for the district court to have subject matter jurisdiction based on diversity. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). If the case was not originally filed in federal court, the requirements of complete diversity of citizenship and an amount in controversy exceeding $75,000 must be met at the time of removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415-17 (9th Cir. 2018).

District courts also have jurisdiction over civil cases in which the plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The plaintiff's complaint must state a cause of action arising under federal law; it is insufficient for a potential defense to the claim to be based on federal law. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). If the case was not originally filed in federal court, the requirement of a cause of action arising under federal law must be met at the time of removal. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

District courts may raise the question of subject matter jurisdiction at any time while the case is pending. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case that was removed to federal court, "the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

The Court must remand this case to state court because it lacks subject matter jurisdiction. In his notice of removal, Defendant asserts that the Court has jurisdiction based on diversity of citizenship. Notice of Removal 2. Defendant provides an Oregon address for himself. *Id.* at 1. He asserts that Plaintiff The Management Group is a Washington Corporation. *Id.* at 2. However, he fails to allege any facts suggesting that Plaintiff Gresham Park Apartments LLC is a citizen of a state other than Oregon. Defendant has failed to allege complete diversity of citizenship. Defendant has also failed to allege that he has met the amount in controversy requirement. Plaintiffs' complaint seeks $2,853 in unpaid rent, $222.96 in unpaid utility charges, and a $150 late fee, for a total of $3,225.96. This falls far short of the requirement that the amount in controversy exceed $75,000. In sum, Defendant has failed to show that the Court has diversity jurisdiction over this case.

In his civil cover sheet, Defendant indicated a federal question as the basis for jurisdiction. Notice of Removal Ex. 1. Eviction is a state-law cause of action. *See* Notice of

Removal 7 (citing Oregon statutes as the basis for the claim). While Defendant asserts that this case is the same as the case he filed against Plaintiffs in federal court, which did allege a federal question, the Court must look to the complaint. The complaint only brings a claim for eviction. That Defendant might rely on federal law as a defense to the eviction does not give this Court jurisdiction. *E.g.*, *Crown Properties Inc. v. Primo*, No. 3:20-CV-06171-BHS, 2020 WL 8224953, at *2 (W.D. Wash. Dec. 18, 2020), *report and recommendation adopted*, No. C20-6171 BHS, 2021 WL 197345 (W.D. Wash. Jan. 20, 2021) (no subject matter jurisdiction over eviction matter where federal law provided a defense); *Wilmington Sav. Fund Soc'y v. Bagheri*, No. CV 23-1210-MWF (X), 2023 WL 3005005, at *2 (C.D. Cal. Apr. 19, 2023) (same); *Cabos v. Ross*, No. 216CV00817GMNGWF, 2016 WL 8114129, at *2 (D. Nev. Oct. 14, 2016), *report and recommendation adopted*, No. 2:16-CV-0817-GMN-GWF, 2017 WL 384027 (D. Nev. Jan. 25, 2017) (same). The Court lacks subject matter jurisdiction over this case and therefore remands it to state court. Because the Court is remanding the case, Defendant's application to proceed IFP and application for registration with the Court's electronic filing system are moot.

## CONCLUSION

The Court REMANDS this case to Multnomah County Circuit Court. Defendant's Application for Leave to Proceed IFP [2] and Application for CM/ECF Registration [5] are DENIED AS MOOT.

IT IS SO ORDERED.

DATED: April 10, 2024.

*[signature]*
MARCO A. HERNÁNDEZ
United States District Judge

5 – OPINION & ORDER